Filed 10/6/22  In re E.O. CA4/3

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re E.O., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent, v. CARLOS O., Defendant and Appellant. | G061285 (Super. Ct. No. 20DP0726) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Dennis J. Keough, Judge.  Reversed and remanded with directions.  Motions to take additional evidence, augment the record, and dismiss the appeal.  Denied.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, and Karen L. Christensen, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

\*       \*       \*

In this juvenile dependency case, the father appeals from an order terminating his parental rights. He contends the court erred by failing to make an adequate inquiry under the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901 et seq. Specifically, he contends SSA failed to interview extended family members regarding minor's potential American Indian heritage. Social Services Agency (SSA) concedes the error.

After the present appeal was filed, SSA allegedly conducted the investigation that was initially lacking, returned to the trial court, and the trial court found, once again, that ICWA did not apply based on the additional evidence. SSA has filed a motion to receive additional evidence on appeal: the evidence revealed in the postappeal investigation and the court's subsequent order.[1] SSA contends the evidence reveals that the minor has no American Indian heritage and thus moves to dismiss the appeal as moot in light of the evidence they proffered.

As this court has consistently held, the Court of Appeal is not the appropriate venue for assessing the adequacy of SSA's investigation in the first instance. Accordingly, we deny the motion and conditionally reverse the judgment.

FACTS

In 2020, when these proceedings arose, mother and father had been in a relationship characterized by domestic violence for nine years. Father's acts of domestic violence against mother resulted in criminal arrests and restraining orders. Minor witnessed some of the acts of domestic violence.

The present proceeding arose out of a referral on June 4, 2020, of ongoing domestic violence between the parents. It was reported that on May 29, 2020, the Huntington Beach Police Department responded to the family's residence for a domestic

_____

[1]    The motion is made pursuant to Code of Civil Procedure section 909.

2

violence call that father punched mother. Both parents admitted drinking alcohol and smoking marijuana prior to the dispute. Father admitted to having taken methamphetamine the day prior. Father was arrested and an emergency protective order was issued. Maternal aunt confirmed she had been caring for the child since May 29, 2020.

On June 10, 2020, the social worker spoke to minor, maternal aunt, and the parents. Minor saw father "push" mother and it made him scared. He denied any physical abuse. Maternal aunt reported that mother had visible injuries and SSA intervention was warranted since mother had resumed her relationship with father. Father was interviewed in jail. He admitted the child was present in the room during the incident, and that he and mother had been drinking alcohol that day. Mother admitted she had been drinking alcohol with father and had two DUI arrests, in 1998 and in 2008, for which she served three years in prison. Mother explained they had been fighting due to the stress of unemployment and COVID-19. She agreed to let minor stay with maternal aunt pending SSA's investigation.

On June 12, 2020, minor was placed in protective custody with maternal aunt.

On June 15, 2020, SSA filed a petition under Welfare and Institutions Code section 300, subdivision (b). The petition alleged mother reported a nine-year history of domestic violence with father and that father may have mental health issues stemming from an involuntarily hospitalization due to suicidal ideation. Mother had unresolved problems with substance abuse and a criminal history that included arrests for DUI with bodily injury.

At the June 18, 2020 detention hearing, father was found to be the presumed father. The juvenile court made detention findings and that the parents were not to visit together. Mother and father were granted reunification services. Father's

3

case plan included general counseling, anger management classes, parenting classes, drug testing, and a drug treatment program.

The jurisdiction hearing was held on August 10, 2020, at which both parents pleaded no contest, and the court found the allegations in the petition to be true. The court noted the parents' progress on their case plan was minimal at that time. The court set a six-month review hearing in February 2021.

As of February 2021, SSA recommended the parents continue receiving reunification services. Their progress during the first six months had been minimal.

At the February 3, 2021, six-month review hearing, the court adopted SSA's findings and recommendations and set a 12-month review hearing for August 2021.

At the 12-month review hearing, SSA recommended terminating reunification services. Father was homeless and had not made progress in his case plan. He was uncooperative in counseling, refused to enroll in anger management classes, refused to enroll in drug treatment, and was a no show for all of his random drug tests since the previous hearing. The maternal aunt, with whom minor had been placed at the outset of these proceedings, expressed a willingness to adopt, and minor had thrived under her care. The court adopted SSA's recommendation, terminated reunification services, and set a selection and implementation hearing pursuant to Welfare and Institutions Code section 366.26.

At the selection and implementation hearing in March 2022, both parents filed petitions for a change of order under Welfare and Institutions Code section 388; both were denied under the prima facie standard. The court then found the child was adoptable, terminated parental rights, and placed the child up for adoption. Father timely appealed.

DISCUSSION

Father's sole contention on appeal is that the court's finding that ICWA does not apply was erroneous because it was based on an inadequate investigation. "'[W]e review the juvenile court's ICWA findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order. [Citations.] We must uphold the court's orders and findings if any substantial evidence, contradicted or uncontradicted, supports them, and we resolve all conflicts in favor of affirmance." (*In re Dominic F.* (2020) 55 Cal.App.5th 558, 565.)

SSA concedes the court erred in concluding ICWA does not apply because the court made that finding without the benefit of an adequate ICWA investigation. Both the court and SSA have a "affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . may be or has been filed, is or may be an Indian child. The duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child." (Welf. & Inst. Code, § 224.2, subd. (a).) That duty of initial inquiry "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, *extended family members*, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child . . . ." (Welf. & Inst. Code, § 224.2, subd. (b) [Italics added.].) It is undisputed that SSA never inquired of minor's extended family members, and thus the investigation was inadequate to support a finding that ICWA does not apply.

Instead, SSA has filed two motions. First, it asks us to take additional evidence pursuant to Code of Civil Procedure section 909. After father filed his appeal in this matter, SSA, recognizing the inadequacy of the initial investigation, performed a more thorough ICWA inquiry. SSA then brought the results of that inquiry to the court, which once again found ICWA does not apply. SSA seeks to admit evidence on appeal

5

of the investigation and the court's finding. SSA then moves to dismiss the appeal as moot, as father has already obtained the only relief available to him.

We decline to adopt that procedure. This is an issue that this court has seen repeatedly and has consistently resolved in the same manner: "The Court of Appeal is not the appropriate venue for determining if SSA's postjudgment investigation was adequate." (*In re E.V.* (2022) 80 Cal.App.5th 691, 694; see also *Id.* at 697 [noting this issue "keeps surfacing in appeals with alarming frequency"].) The trial court must pass on that question in the first instance.

Purportedly, the trial court already did so, but it was without jurisdiction to rule on any further ICWA inquiry during the pendency of this appeal. (See Code Civ. Proc., § 916, subd. (a) [appeal stays further proceedings in the trial court "upon the judgment or order appealed from or upon the matters embraced therein or affected thereby"]; *In re Natasha A.* (1996) 42 Cal.App.4th 28, 39 [Code of Civ. Proc., § 916 applies in juvenile dependency proceedings "at least to the extent not inconsistent therewith"].) Under Welfare and Institutions Code section 395, subdivision (a), a stay applies on appeal so long as the court has approved an order for "suitable provision . . . for the maintenance, care, and custody" of the minor. Such an order was made here.

Because the adequacy of SSA's ICWA investigation is a matter best left to the trial court in the first instance, and because the trial court was without jurisdiction to rule on the adequacy of SSA's postappeal investigation, we deny SSA's motions and will conditionally reverse the judgment.

DISPOSITION


The judgment is conditionally reversed.  The matter is remanded to the juvenile court for the limited purpose to ensure compliance with the ICWA. After the court ensures compliance with the applicable inquiry and notice requirements, the court's judgment shall be reinstated.  SSA's motions to admit additional evidence, augment the record, and to dismiss the present appeal are denied.


MARKS, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

*Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7